## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES TRONKA, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> DIALOG DIRECT, INC. d/b/a DIALOG DIRECT, a QUALFON COMPANY <br><br> and <br><br> DMI GC HOLDINGS, LLC <br><br> Defendants. | CIVIL COMPLAINT - COLLECTIVE AND CLASS ACTION <br><br><br> CASE NO.: 2:23-cv-1317 <br><br><br> **JURY TRIAL DEMANDED** <br><br><br> *ELECTRONICALLY FILED* |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, JAMES TRONKA ("Named Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, hereby file this Collective and Class Action Complaint ("Complaint") against Defendants, DIALOG DIRECT, INC. d/b/a DIALOG DIRECT, a QUALFON COMPANY and DMI GC HOLDINGS, LLC, and allege violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101, *et seq.* ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1, *et seq.* ("PWPCL"), as follows:

## NATURE OF CASE

This case brought as a collective action pursuant to the FLSA to recover overtime wages and liquidated damages and as a class action pursuant to Fed. R. Civ. P. 23 under the state laws of the Commonwealth of Pennsylvania, to wit, the PMWA and PWPCL, to recover unpaid wages, overtime wages, and other applicable penalties. Named Plaintiff and all others similarly

situated (hereinafter "Putative Class Members") are those similarly situated persons who worked for Dialog Direct in call centers, anywhere in the United States, including those working remotely from their homes (also known as and hereinafter referred to as "telecommuting") at any time from July 21, 2020, through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law. Specifically, Dialog Direct enforced a uniform company-wide policy wherein it improperly required its hourly call-center employees - Named Plaintiff and the Putative Class Members - to perform work "off-the-clock" and without pay.  Dialog Direct's illegal company-wide policy has caused Named Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

Although Named Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Named Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half (1½) their regular rates for all hours worked in excess of forty (40) hours per workweek.  Dialog Direct knowingly and deliberately failed to compensate Named Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time period.  Named Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or Pennsylvania state law.  Named Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid overtime and other damages owed under the PMWA and PWPCL as a class action pursuant to Fed. R. Civ. P. 23.

## PARTIES

### A.    Named Plaintiff

1.    Named Plaintiff, James Tronka ("Mr. Tronka"), was employed by Dialog Direct in 2021 during the relevant time period.  Mr. Tronka did not receive compensation for all hours worked, the minimum wage for all hours worked, or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.  Mr. Tronka's consent to join the collective action aspect of this lawsuit is attached to this Complaint as **Exhibit A**.

2.    The FLSA Collective Members are those current and former hourly call-center employees who were employed by Dialog Direct, anywhere in the United States, including telecommuting, at any time from July 21, 2020 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

3.    The Pennsylvania Members are those current and former hourly call-center employees who were employed by Dialog Direct, anywhere in Pennsylvania, including telecommuting, at any time from July 21, 2020, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Named Plaintiff was paid.

### B.    Defendants

### *Dialog Direct, Inc. d/b/a Dialog Direct, a Qualfon Company*

4.    Defendant, Dialog Direct, Inc. d/b/a Dialog Direct, a Qualfon Company ("Dialog Direct") is a foreign business corporation, incorporated in the State of Delaware, licensed to and doing business in the Commonwealth of Pennsylvania, with its principal place of business at 13700 Oakland Avenue, Highland Park, Michigan 48203, and can be served through its registered agent: **CT Corporation System,** 600 North 2nd Street, #401, Harrisburg, PA 17101**.**

*DMI GC Holdings, LLC*

5.      Defendant, DMI GC Holdings, LLC, a Qualfon Company ("DMI," and collectively with Dialog Direct as Defendants"), is a foreign limited liability company, incorporated in the State of Delaware, licensed to and doing business in the Commonwealth of Pennsylvania, with its principal place of business at 13700 Oakland Avenue, Highland Park, Michigan 48203, and can be served through its registered agent: **CT Corporation System,** 600 North 2nd Street, #401, Harrisburg, PA 17101.

## JURISDICTION AND VENUE

6.      The FLSA authorizes court actions by private parties to recover damages for violations of its wage/hour provisions.  Subject matter jurisdiction over Named Plaintiff's claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.      The PMWA and PWPCL each provide for a private right of action to enforce their provisions.  This Court has supplemental jurisdiction over Pennsylvania state law claims, pursuant to 28 U.S.C. § 1367, because they are so intertwined with Named Plaintiff's federal claims as to form part of the same case and controversy.

8.      This Court has general and specific personal jurisdiction over Defendants because this cause of action arose within this District as a result of Defendants' conduct within this District.

9.      Venue is proper in this District pursuant to 28 U.S.C § 1391(b).  The unlawful employment practices complained of *infra* took place within this District and a substantial part of the events and omissions giving rise to Named Plaintiff's claims occurred in this District. Further, Defendants regularly transact substantial business within this District.

## FACTUAL ALLEGATIONS

A.      **Background**

10.     "Dialog Direct is a marketing and customer engagement solution provider focused on helping brands connect and engage with their customers to generate leads, increase sales and provide superior customer engagement solutions that create remarkable experiences."[1]

11.     DMI GC Holdings, LLC is operated closely and associated with Dialog Direct that they are indistinguishable from one another as a consolidated marketing and customer engagement solution provider.

12.     Defendants are so intertwined that they comprise a "corporate family" that does business throughout the United States, including the Commonwealth of Pennsylvania, are enterprise jointly responsible for its day to day operations

13.     Named Plaintiff worked for Defendants as call-center employees in Pennsylvania.

14.     Mr. Tronka was employed by Defendants in their call center located in Johnstown, Pennsylvania from approximately September 2021 until November 2021.

15.     Throughout their employment tenure with Defendants, Named Plaintiff and the Putative Class Members' job duties consisted of answering phone calls made by Defendants' customers, answering customer inquiries, troubleshooting issues on behalf of customers, and generally assisting customers.

16.     Named Plaintiff and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

17.     Named Plaintiff and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

---

[1] https://www.dialog-direct.com/about-us/

18.     In addition to their forty (40) "on-the-clock" hours, Named Plaintiff and the Putative Class Members worked up to four (4) compensable hours "off-the-clock" per week and have not been compensated for that time.

19.     Defendants' failure to properly compensate its call-center employees is the result of a strictly enforced uniform company-wide policy wherein it improperly requires its hourly call-center employees - Named Plaintiff and the Putative Class Members - to perform work "off-the-clock" and without pay.

20.     Specifically, Defendants have engaged in a top-down wage policy, which consistently, systematically, and willfully failed to pay its call-center employees for all hours worked, including proper overtime wages for their work in excess of forty (40) hours per week.

21.     Accordingly, Defendants have engaged in business practices that have violated the rights of its call-center employees as they relate to their payment/wages, resulting in unpaid labor from Named Plaintiff and the Putative Class Members each day.

22.     This lawsuit is therefore brought as (a) a collective action under the FLSA and (b) a class action under Fed. R. Civ. P. 23 for violations of the PMWA and PWPCL.

**B.     Violations of the FLSA, PMWA, and/or PWPCL**

*Unpaid Start-Up Time*

23.     Named Plaintiff and the Putative Class Members have not been compensated for all the hours they worked for Dialog Direct as a result of Defendants' corporate policy and practice of requiring their hourly call-center employees to clock-in only when ready to take their first call.

24.     Specifically, Named Plaintiff and the Putative Class Members are required to start and log-in to their computer, read company emails, open multiple different computer programs,

log in to each program, and ensure that each program is running correctly - all of which can take up to twenty-five (25) minutes - before they are allowed to clock in on the time keeping software application and then take their first phone call.

25.     If Named Plaintiff and the Putative Class Members are not ready and on the phone at shift start, they can be (and often are) subject to discipline.

26.     If Named Plaintiff and the Putative Class Members clock in prior to their shift start time, they are also subject to discipline.

27.     Therefore, the only way to be ready on time, and avoid discipline, is to prepare the computer "off-the-clock" and without pay.

28.     During this start up time, Named Plaintiff and the Putative Class Members were not compensated although they were expected to have completed this process in advance of their official start times.

### *Unpaid Work During Meal Period Breaks*

29.     Defendants provide Named Plaintiff and the Putative Class Members' with one unpaid thirty (30) minute meal break each day.

30.     However, Defendants require Named Plaintiff and the Putative Class Members to perform "off-the-clock" work during their unpaid meal break.

31.     Named Plaintiff and the Putative Class Members are required to stay on the clock and on call until the minute their meal break begins, they then must clock out, then perform a lengthy shut down process, then log out of the phone system or otherwise go into an aux mode, and then log off of their computer prior to leaving their desk for their meal break.

32.     Named Plaintiff and the Putative Class Members are required to log back into their computer, perform a restart process, log back into the phone system, then clock in, and be back on the phone before their meal break end.

33.     The log-off process used prior to taking a meal break can take anywhere from one to three (3) minutes.

34.     The log-in process used after returning from a meal break can take anywhere from another one to three (3) minutes.

35.     This lengthy log-off and log-in procedure had to be performed during Named Plaintiff and the Putative Class Members' meal break per Defendants' policy.

***Unpaid Technical Downtime***

36.     Further, Named Plaintiff and the Putative Class Members' computers crashed multiple times each week and required Named Plaintiff and the Putative Class Members to reset them, which took ten (10) minutes or more each time.

37.     At times, Named Plaintiff and the Putative Class Members would spend anywhere from ten (10) minutes to several hours in a day troubleshooting their computer or talking to technical support trying to get their computer to work so they could work.

38.     During the Covid-19 pandemic, a substantial amount of Defendants' workforce, including Named Plaintiff and the Putative Class Members, has been working remotely from home and have experienced substantial periods of technical downtime.

39.     Defendants require Named Plaintiff and the Putative Class Members to actively troubleshoot their issues, but Defendants do not pay Named Plaintiff and the Putative Class Members for any of their time spent rebooting or troubleshooting.

40.    Named Plaintiff and the Putative Class Members were not compensated for the time they worked for Defendants rebooting or troubleshooting Defendants' computers after they crashed or experienced other technical difficulties.

### *Unpaid Rest Breaks Lasting Twenty (20) Minutes or Less*

41.    In addition, Defendants also enforced a uniform company-wide policy wherein they improperly required their non-exempt hourly employees – Name Plaintiff and the Putative Class Members - to clock out for rest breaks lasting twenty (20) minutes or less.  29 C.F.R. § 785.18; see also *Sec'y U.S. Dep't of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 425 (3d Cir. 2017).

42.    Defendants permitted Named Plaintiff and the Putative Class Members to take two (2) fifteen (15) minute breaks each day but required them to clock out for any and all breaks taken outside the two (2) fifteen (15) minute breaks.

43.    As a result of Defendants' corporate policy and practice of requiring Named Plaintiff and the Putative Class Members to perform their computer start up tasks before the beginning of their shifts, perform log-in log out processes during their unpaid meal period breaks, and requiring Named Plaintiff and the Putative Class Members to clock out for short breaks, Named Plaintiff and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

### *Unpaid Minimum Wage Due to Kickbacks*

44.    During the Covid-19 pandemic, Defendants have required a substantial amount of its workforce, including the Named Plaintiff and Putative Class Members, to perform their work via telecommuting.

45.     While telecommuting, Named Plaintiff and the Putative Class Members incurred substantial costs, such as increased electricity usage, internet data usage, and paying costs out of pocket for equipment cables used to connect computers directly to an internet router, while working for Defendants' benefit.

46.     Despite incurring these costs on behalf of Defendants, Named Plaintiff and the Putative Class Members do not receive any reimbursement for these out-of-pocket costs.

47.     These costs, when deducted from the Named Plaintiff and Putative Class Members' wages, bring their overall wages below the applicable minimum wage.

48.     Therefore, Named Plaintiff and the Putative Class Members did not receive the minimum wage "free and clear" of any kickback payments.  29 C.F.R. § 531.35.

49.     Defendants have employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Named Plaintiff.

50.     Defendants are aware of their obligation to pay the minimum wage and to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but have failed to do so.

51.     Because Defendants did not pay Named Plaintiff and the Putative Class Members for all hours worked, the minimum wage for all hours at or below forty (40) hours in a workweek, and time and a half for all hours worked in excess of forty (40) in a workweek, Defendants' pay policies and practices violate the FLSA.

52.     Because Defendants did not pay Named Plaintiff and the Putative Class Members for all hours worked, Defendants' pay policies and practices also violate Pennsylvania state law.

## NAMED PLAINTIFF'S EXPERIENCE AS
## ASSISTANT GENERAL MANAGER

**C.**     **FLSA Retaliation of Named Plaintiff**

53.     Mr. Tronka was hired by Defendants as a call-center employee in or about September 2021 at an hourly pay rate of approximately $20.00 per hour.

54.     Defendants' actions were deliberate and willful violations of the EPA, FLSA, PMWA, PWPCL.

## JOINT-EMPLOYMENT ALLEGATIONS

55.     At all relevant times, Defendants operated closely and associated with one another to do business throughout the United States, including the Commonwealth of Pennsylvania, as a leading marketing and customer engagement solution provider.

56.     At all relevant times, Defendants have been organized and operated in a consolidated way so that it can effectively provide consistent marketing and customer engagement solution services that satisfy their stringent and high standards.

57.     Defendants, although created as separate legal entities, are indistinguishable from one another as a consolidated marketing and customer engagement solution enterprise jointly responsible for its day to day operations.

58.     This consolidated operation includes, but is not limited to, common policies and systems with regard to its employment practices such as job descriptions and classifications, hiring, promotions and termination, setting salaries, rates of pay, and other compensation decisions, time-keeping and payroll data collection, and issuing payroll checks.

59.     This consolidated operation is located in Highland Park, Michigan, where each entity of the corporate family shares a single location for its corporate headquarters.

60.     Similarly, the corporate executives of Defendants and its corporate family are intertwined and overlap to further ensure the consistency required and necessary to operate its marketing and customer engagement solution enterprise.

61.     At all times relevant to this complaint, Defendants and its corporate family jointly employed Named Plaintiff and the Putative Class Members evidenced by their shared involvement in the terms of their employment and compensation.

62.     At all relevant times, Defendants and its corporate family operated as a single entity for purposes of the wage and hour allegations set forth herein, having the effect that the unlawful conduct of each entity of Defendants is imputed to the other, therefore satisfying the applicable standards of joint employers within the meaning of the FLSA and PMWA.

63.     At all relevant times, Defendants and its corporate family consolidated their decision-making with regard to the wage and hour allegations set forth herein, and collectively controlled and implemented policies that resulted in a failure to pay wages in violation of the FLSA, PMWA, and PWPCL.

64.     Accordingly, Defendants and its corporate family engaged in joint employment practices with regard to Named Plaintiff and the Putative Class Members.

## COUNT I

**Collective Action Alleging FLSA Violations**
**(Named Plaintiff and FLSA Collective v. Defendants)**

**A.     FLSA COVERAGE**

65.     Named Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this Complaint as though fully and completely set forth herein.

66.     The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY DIALOG DIRECT, INC. d/b/a/ DIALOG DIRECT, A QUALFON COMPANY AND/OR DMI GC HOLDINGS, LLC IN A POSITION INVOLVED IN CUSTOMER SERVICE/CONTACT, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM AUGUST 26, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

67.    At all times hereinafter mentioned, Defendants have each been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

68.    At all times hereinafter mentioned, Defendants have each been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

69.    At all times hereinafter mentioned, Defendants have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

70.    During the respective periods of Named Plaintiff and the FLSA Collective Members' employment by Defendants, these individuals have provided services for Defendants that involved interstate commerce for purposes of the FLSA.

71.    In performing the above-described operations, Named Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for

13

commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

72.     Specifically, Named Plaintiff and the FLSA Collective Members are non-exempt hourly call-center employees of Defendants who assisted Defendants' customers who live throughout the United States.  29 U.S.C. § 203(j).

73.     At all times hereinafter mentioned, Named Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

74.     The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 66.

75.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

76.     Defendants have violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such nonexempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

77.     Moreover, Defendants knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Named Plaintiff and the FLSA Collective Members the minimum wage and the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

78.     Defendants are sophisticated parties and employers, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

79.     Named Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Defendants to pay them according to the law.

80.     The decisions and practices by Defendants to not pay for all hours worked, the proper minimum wage for all hours at or below forty (40) hours in a workweek, and the proper amount of overtime for all hours worked in excess of forty (40) hours in a workweek was neither reasonable nor in good faith.

81.     Accordingly, Named Plaintiff and the FLSA Collective Members are entitled to be paid the minimum wage for all hours worked at or below forty (40) hours per workweek and overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.     COLLECTIVE ACTION ALLEGATIONS**

82.     All previous paragraphs are incorporated as though fully set forth herein.

83.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Dialog Direct's employees who have been similarly situated to Named Plaintiff with regard to the work they performed and the manner in which they have not been paid.

84.     Other similarly situated employees of Dialog Direct have been victimized by Dialog Direct's patterns, practices, and policies, which are in willful violation of the FLSA.

85.     The FLSA Collective Members are defined in Paragraph 66.

86.     Dialog Direct's failure to pay Named Plaintiff and the FLSA Collective Members for all hours worked, the minimum wage, and overtime compensation at the rates required by the

FLSA, results from generally applicable policies and practices of Dialog Direct, and does not depend on the personal circumstances of Named Plaintiff and the FLSA Collective Members.

87.     Thus, Named Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

88.     The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

89.     All of the FLSA Collective Members - regardless of their specific job titles, precise job requirements, rates of pay, or job locations - are entitled to be paid for all hours worked, the minimum wage for all hours worked at or below forty (40) hours per workweek, and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

90.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

91.     Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of its rampant violations.

92.     Moreover, individual litigation would be unduly burdensome to the judicial system.  Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

93.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 66 and notice should be promptly sent.

**D.     <u>PRAYER FOR RELIEF ON COUNT I</u>**

WHEREFORE, Named Plaintiff, James Tronka, on behalf of himself and the FLSA Collective, respectfully requests that this Honorable Court enter Judgment in his favor and

against Defendants, Dialog Direct, Inc. d/b/a Dialog Direct, a Qualfon Company and DMI GC

Holdings, LLC, jointly and severally, as follows:

A. Designate this action as a collective action and class action on behalf of the proposed FLSA Collective and

    a. Promptly issue notice pursuant to 29 U.S.C § 216(b) to all FLSA Collective Members, which (a) apprises them of the pendency of this action, and (b) permits them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b); and

    b. Toll the statute of limitations on the FLSA Collective Members claims from the date the original complaint was filed until the FLSA Collective Members are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their rights to opt-in as Plaintiffs;

B. Designate Named Plaintiff as representative of the FLSA Collective;

C. Designate Named Plaintiff's chosen counsel as counsel for the FLSA Collective Action Class;

D. Declare and adjudge that Defendants' employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the FLSA;

E. Award back pay to Named Plaintiff and the FLSA Collective Members, including a sum to compensate Named Plaintiff and the FLSA Collective Members for any increased tax liability on a lump-sum award of back pay;

F. Award liquidated damages to Named Plaintiff and the FLSA Collective Members in the maximum amount available under the Fair Labor Standard Act;

G. Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintifs and the FLSA Collective Members;

H. Award Named Plaintiff and the members of the FLSA Collective Members pre-judgment and post-judgment interest available under the FLSA;

I. Award Named Plaintiff and the FLSA Collective Members any other appropriate equitable relief; and

J. Award any additional relief that this Court deems just and proper.

## COUNT II

**Class Action Alleging Violations of the PMWA**
**(Named Plaintiff and Pennsylvania Class v. Defendants)**

**A.    PMWA COVERAGE**

94.    Named Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this Complaint as though fully and completely set forth herein.

95.    The Pennsylvania Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY DIALOG DIRECT, INC. d/b/a/ DIALOG DIRECT, A QUALFON COMPANY AND/OR DMI GC HOLDINGS, LLC IN A POSITION INVOLVED IN CUSTOMER SERVICE/CONTACT, ANYWHERE IN THE STATE OF MICHIGAN, AT ANY TIME FROM AUGUST 26, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Pennsylvania Class" or "Pennsylvania Class Members").**

96.    At all times hereinafter mentioned, Defendants have each been an "employer" within the meaning of the PMWA.  See 43 Pa.C.S. § 333.103(g).

97.    At all times hereinafter mentioned, Named Plaintiff and the Pennsylvania Class Members have been "employees" within the meaning of the PMWA.   See 43 Pa.C.S. § 333.103(h).

98.    Named Plaintiff and the Pennsylvania Class Members were or have been employed by Defendants and have been covered employees entitled to the protections of the PMWA and were not exempt from the protections of the PMWA. See 43 Pa.C.S. §  333.105

99.    Defendants are not exempt from paying overtime benefits pursuant to the PMWA.

**B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE PMWA**

100.    All previous paragraphs are incorporated as though fully set forth herein.

101.    The PMWA requires that employees, including Named Plaintiff and the Pennsylvania Class Members, receive compensation for all hours worked at a rate that is no less than the rates described in the PMWA.  See 43 Pa.C.S. § 333.104.

102.    The PMWA also requires that employees, including Named Plaintiff and the Pennsylvania Class Members, receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.  See 43 Pa.C.S. § 333.104(c).

103.    Named Plaintiff and the Pennsylvania Class Members were or have been employed by Defendants and have been covered employees entitled to the protections of the PMWA.

104.    Defendants are each an employer covered by the requirements set forth in the PMWA.

105.    Named Plaintiff and the Pennsylvania Class Members are not exempt from receiving the minimum wage or overtime benefits under the PMWA.

106.    Named Plaintiff and the Pennsylvania Class Members worked for Defendants but were not paid the applicable minimum wage for all hours worked at or below forty (40) hours in a workweek; specifically, Defendants did not pay Named Plaintiff and the Pennsylvania Class Members at all for their hours spent completing their computer start-up tasks before their shifts began, and for hours spent on the telephone after their shifts ended on Defendant's behalf.

107.    Defendant would also make deductions to Named Plaintiff and the Pennsylvania Class Members' wages, reducing their wages below the applicable minimum wage, guaranteed under the PMWA.

108.    Named Plaintiff and the Pennsylvania Class Members worked more than forty (40) hours in workweeks during times relevant to this case, however, Defendants violated the

PMWA by failing to pay them their hourly wage for all hours worked; specifically their hours spent completing their computer start-up tasks before their shifts began, and for hours spent on the telephone after their shifts ended on Defendants' behalf.

109.    Named Plaintiff and the Pennsylvania Class Members were not paid the correct minimum wage compensation for all hours worked and were not paid the correct amount of overtime compensation for all hours worked, or for all hours worked over forty (40) per week.

110.    The total amount of compensation due to Named Plaintiff and the Pennsylvania Class Members by Defendants constitutes wages pursuant to the PMWA, and failure to pay the amount due constitutes a violation of the PMWA.  See 43 Pa.C.S. § 333.103(d).

111.    Defendants further violated the PMWA by failing to record and pay for all hours worked, including but not limited to overtime.  In the course of perpetrating these unlawful practices, Defendants also willfully failed to keep accurate records of all hours worked by its employees.

112.    Named Plaintiff and the State Class are entitled to all legal and equitable remedies available for violations of the PMWA, including, but not limited to, back pay, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation pursuant to the PMWA.

113.    Named Plaintiff and the Pennsylvania Class Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Named Plaintiff and the Pennsylvania Class Members would be able to precisely calculate damages.

114.    In violating the PMWA, Defendants acted willfully, without a good faith basis, and with reckless disregard of applicable Pennsylvania wage and hour laws.

115.    Defendants are liable for the full amount of unpaid wages and unpaid overtime and for costs and reasonable attorneys' fees.

116.    The proposed class of employees, i.e. putative class members sought to be certified pursuant to the PMWA, is defined in Paragraph 95.

117.    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

C.    **PMWA CLASS ALLEGATIONS**

118.    All previous paragraphs are incorporated as though fully set forth herein.

119.    Named Plaintiff and the Pennsylvania Class Members bring their PMWA claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all similarly situated individuals employed by Defendants to work in Pennsylvania since July 21, 2020.

120.    Class action treatment of Named Plaintiff and the Pennsylvania Class Members is appropriate because, as alleged below, all of Fed. R. Civ. P. 23's class action requisites are satisfied.

121.    The number of Pennsylvania Class Members is so numerous that joinder of all class members is impracticable.

122.    Named Plaintiff's claims are typical of the claims of the other Pennsylvania Class Members, and Named Plaintiff has no interests that are antagonistic to or in conflict with the interests of the other Pennsylvania Class Members.

123.    Named Plaintiff and his counsel will fairly and adequately represent the other Pennsylvania Class Members.

124.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

125.    Accordingly, the Pennsylvania Class should be certified as defined in Paragraph 95.

**D.    PRAYER FOR RELIEF ON COUNT II**

WHEREFORE, Named Plaintiff, James Tronka, on behalf of himself and the Pennsylvania Class, respectfully request that this Honorable Court enter Judgment in his favor and against Defendants, Dialog Direct, Inc. d/b/a Dialog Direct, a Qualfon Company and DMI GC Holdings, LLC, jointly and severally, as follows:

A.    Designate this action as a class action on behalf of the proposed Pennsylvania Class;

B.    Designate Named Plaintiff as representative of the Pennsylvania Class;

C.    Designate Named Plaintiff's chosen counsel as counsel for the Pennsylvania Class;

D.    Declare and adjudge that Defendants' employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the PMWA;

E.    Award back pay to Named Plaintiff and the Pennsylvania Class Members, including a sum to compensate Named Plaintiff and the Pennsylvania Class Members for any increased tax liability on a lump-sum award of back pay;

F.    Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and Pennsylvania Class Members;

G.    Award Named Plaintiff and the Pennsylvania Class Members pre-judgment and post-judgment interest available under the PMWA;

H.    Award Named Plaintiff and the Pennsylvania Class Members any other appropriate equitable relief; and

I.      Award any additional relief that this Court deems just and proper.

## COUNT III

### Class Action Alleging Violations of the PWPCL
### (Named Plaintiff and Pennsylvania Class v. Defendants)

**A.      PWPCL COVERAGE**

126.    Named Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this Complaint as though fully and completely set forth herein.

127.    The Pennsylvania Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY DIALOG DIRECT, INC. d/b/a/ DIALOG DIRECT, A QUALFON COMPANY AND/OR DMI GC HOLDINGS, LLC IN A POSITION INVOLVED IN CUSTOMER SERVICE/CONTACT, ANYWHERE IN THE STATE OF MICHIGAN, AT ANY TIME FROM AUGUST 26, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Pennsylvania Class" or "Pennsylvania Class Members").**

128.    At all times hereinafter mentioned, Defendants have each been an "employer" within the meaning of the PWPCL.  See 43 Pa.C.S. § 260.2a

129.    At all times hereinafter mentioned, Named Plaintiff and the Pennsylvania Class Members have earned wages within the meaning of the PWPCL.  *Id.*

130.    Named Plaintiff and the Pennsylvania Class Members were or have been employed by Defendants and have been covered employees entitled to the protections of the PWPCL and were not exempt from the protections of the PWPCL.  See 43 Pa.C.S. § 260.1, *et seq.*

**B.      FAILURE TO PAY WAGES IN ACCORDANCE WITH THE PWPCL**

131.    All previous paragraphs are incorporated as though fully set forth herein.

132.    Named Plaintiff and members of the State Class are entitled to be paid one and one-half times (1½) times their regular rate of pay for all hours worked in excess of forty (40) in

a workweek pursuant to the FLSA and PMWA.  The failure to pay said wages constitutes a violation of Section 215(a)(2) of the FLSA and Section 333.104(c) of the PMWA.

133.    Defendants have failed to pay Named Plaintiff and the Pennsylvania Class Members one and one-half times (1½) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA and PMWA.  Defendants have, therefore, failed to regularly pay Named Plaintiff and the Pennsylvania Class Members for all earned wages from the date they were first employed, through and including the present, in violation of the PWPCL.

134.    Accordingly, wages, including wages in the form of overtime pay, are due and owing to Named Plaintiff and the Pennsylvania Class Members pursuant to Section 260.3(a) of the PWPCL.

135.    Defendants further violated the PWPCL through their failure to pay the Named Plaintiff and the Pennsylvania Class Members all wages due for work they performed upon their termination of employment pursuant to Section 260.5(a) of the PWPCL.

136.    Defendants further violated the PWPCL by failing to record and pay for all hours worked, including but not limited to overtime.  In the course of perpetrating these unlawful practices, Defendants also willfully failed to keep accurate records of all hours worked by its employees.

137.    The total amount due to Named Plaintiff and the Pennsylvania Class Members by Defendants constitutes wages under Section 260.2a. of the PWPCL, and failure to pay the amount due constitutes a violation of the PWPCL.

138.    In accordance with Section 260.10 of the PWPCL, by reason of Defendants' actions, Named Plaintiff and the Pennsylvania Class Members are entitled to liquidated damages in an amount equal to twenty-five percent (25%) of the wages due in addition to all wages due.

139.    In accordance with Section 260.9a of the PWPCL, by reason of Defendants' actions, Named Plaintiff and the Pennsylvania Class Members are entitled to reasonable attorneys' fees associated with this action.

140.    The wages withheld from Named Plaintiff and the Pennsylvania Class Members were not the result of any bona fide dispute.

141.    Named Plaintiff and the Pennsylvania Class are entitled to all legal and equitable remedies available for violations of the PWPCL, including, but not limited to, back pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation pursuant to the PWPCL.

142.    The proposed class of employees, i.e. putative class members sought to be certified pursuant to the PWPCL, is defined in Paragraph 127.

143.    The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

## C.    PWPCL CLASS ALLEGATIONS

144.    All previous paragraphs are incorporated as though fully set forth herein.

145.    Named Plaintiff and the Pennsylvania Class Members bring their PWPCL claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of all similarly situated individuals employed by Defendants to work in Pennsylvania since July 21, 2020.

146.    Class action treatment of Named Plaintiff and the Pennsylvania Class Members is appropriate because, as alleged below, all of Fed. R. Civ. P. 23's class action requisites are satisfied.

147.    The number of Pennsylvania Class Members is so numerous that joinder of all class members is impracticable.

148.    Named Plaintiff's claims are typical of the claims of the other Pennsylvania Class Members, and Named Plaintiff has no interests that are antagonistic to or in conflict with the interests of the other Pennsylvania Class Members.

149.    Named Plaintiff and his counsel will fairly and adequately represent the other Pennsylvania Class Members.

150.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

151.    Accordingly, the Pennsylvania Class should be certified as defined in Paragraph 127.

**D.    PRAYER FOR RELIEF ON COUNT III**

WHEREFORE, Named Plaintiff, James Tronka, on behalf of himself and the Pennsylvania Class, respectfully requests that this Honorable Court enter Judgment in his favor and against Defendants, Dialog Direct, Inc. d/b/a Dialog Direct, a Qualfon Company and DMI GC Holdings, LLC, jointly and severally, as follows:

A.    Designate this action as a class action on behalf of the proposed Pennsylvania Class;

B.    Designate Named Plaintiff as representative of the Pennsylvania Class;

26

C.      Designate Named Plaintiff's chosen counsel as counsel for the Pennsylvania Class;

D.      Declare and adjudge that Defendants' employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of the PWPCL;

E.      Award back pay to Named Plaintiff and the Pennsylvania Class Members, including a sum to compensate Named Plaintiff and the Pennsylvania Class Members for any increased tax liability on a lump-sum award of back pay;

F.      Award liquidated damages to Named Plaintiff and the Pennsylvania Class Members in the maximum amount available under the PWPCL;

G.      Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to Named Plaintiff and Pennsylvania Class Members;

H.      Award Named Plaintiff and the Pennsylvania Class Members pre-judgment and post-judgment interest available under the PWPCL;

I.      Award Named Plaintiff and the Pennsylvania Class Members any other appropriate equitable relief; and

J.      Award any additional relief that this Court deems just and proper.

## JURY DEMAND

Named Plaintiff and all members of the FLSA Collective and Pennsylvania Classes demand a trial by jury on all issues triable to a jury as a matter of right.

Dated: <u>May 31, 2023</u>                    Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

<u>*/s/ Derrek W. Cummings*</u>
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380

Tel.: (717) 238-5707
Fax: (717) 233-8133

*Counsel for Plaintiffs*